181 N.J. Super. 93 (1981)
436 A.2d 580
COVENTRY SQUARE CONDOMINIUM ASSOCIATION, PLAINTIFF,
v.
JEFF HALPERN T/A FIRST WORLD REALTY, CLEARSTREAM UNIFIED EQUITIES, HOWELL EQUITIES & FIRST WORLD INSURANCE CO., DEFENDANTS.
Superior Court of New Jersey, District Court Monmouth County.
August 6, 1981.
*94 Heilbrunn, Finkelstein, Heilbrunn, Garruto & Galex, attorneys for plaintiff (Robert E. Goldstein appearing).
Sharkey and Sacks, attorneys for defendants (Richard K. Sacks appearing).
GEHRICKE, P.J.D.C.
This is a suit by the Condominium Association in which it seeks to collect a $225 security deposit per unit from all unit owners who rent their premises to tenants pursuant to a by-law effective as of November 1, 1977.
Defendants resist this demand for a deposit, asserting that there is no statutory sanction for so doing; that the by-law relied on by plaintiff exceeds the authority of the board of directors of the Association to so act and the deposit required is really a special assessment levied against a specially created class of owner.
There are no reported cases in our State on the issues raised in this case.
This condominium consists of 633 units, of which 80 are occupied by tenants. Forty-two of these rented units are owned by two landlords.
In 1977 the board of directors of the Association, acting on what they perceived to be increased maintenance expenses caused by inadequate watering, excessive glass breakage, more frequent pest control and garbage placement on the wrong days at such tenant-occupied units, passed a regulation effective November 1, 1977 requiring that owners of rented units deposit $225 per unit with the Association as security for such increased costs. Defendants acknowledge that they have not deposited any money with plaintiff pursuant to this regulation.
*95 The regulation was passed by the board after several meetings and much discussion among themselves, but without any special notice of their intention to act at their October 12, 1977 meeting.
Cross-examination by defendants' counsel elicited testimony that plaintiff did not seek to regulate owner-occupants in like fashion because they were easily available and could be easily collected from, and the Association wanted to have the benefit of a part of an owner's security received from the tenant.
Interrogatories propounded by defendants (# 5) reveal that there were no specific records kept of non-owner resident damage.
P-1 in Evidence  the Rules and Regulations of Coventry Square Condominiums provide for the following:

Garbage pick-up, placement at wrong times will be at additional expense to the UNIT.

Lawn care, replacement due to neglect will be at additional expense to the UNIT.

Home owners are the responsible party even if they are not residing in their unit. [Emphasis supplied]
The provision of the regulation in question which requires that the Association place deposit money in an interest-bearing escrow account clearly demonstrates that the Association is not acquiring any property right in such funds; the language used shows that the Association is a recipient of the owner's money, which is returnable if no damage occurs to common elements attributable to the tenant of an owner. Assessments are, "In general sense, the process of ascertaining and adjusting the shares respectively to be contributed by several persons toward a common beneficial object according to the benefit received." Black's Law Dictionary (4 ed. 1951). They are collected for the purpose of making a common expenditure in the future and are not refundable. The money required under this regulation is a deposit, not a special assessment.
*96 The provision for payment by nonresident owners does establish a special class of owner and the concomitant duty to make a security deposit by such members of that specially created class.
While these defendants acknowledged that they were subject to the regulations of the Association, this does not mean that they cannot resist compliance when they believe the regulation to be improper. Samuel Johnson said it best when he told Boswell that "one does not have to be a cook to criticize the cooking."
The Association provides in its regulations for the imposition of costs on unit owners for lawn replacement and untimely garbage placement, and places responsibility on unit owners even if not residing in the unit. A nonresident owner is presumably as available as a resident owner. The assertion by plaintiff that they wish to have benefit of part of any deposit an owner may require from his tenant is difficult to uphold; it appears to be a glossing over of a deliberate attempt to interject the Association into a private contractual relationship between a nonresident owner (landlord) and his tenant. This court can justify neither the intent nor the implementation of such conduct. The Association is not a third-party beneficiary of a nonresident's contract with his tenant.
The regulation in question is unreasonable in that it creates a limited class from whom an extraordinary payment of money into escrow is demanded; it is arbitrary in that it seeks to acquire a convenient fund from this limited class arising out of a contractual arrangement between members of this class and their tenants, and it is unnecessary because the provisions already in place for imposition of charges against owners adequately protects the Association against the anticipated damage by tenants.
The court finds that there is no cause for action against defendants, and the complaint is dismissed without costs.