23 December 1999

No. 2--99--0030

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

JERRY HOFMEYER, LOIS HOFMEYER, ) Appeal from the Circuit Court

JIM ARMSTRONG, MELODY           )  of Du Page County.

ARMSTRONG, MARK MERSMAN, AND )               

KATHY ROGERS,                   )

                                )

     Plaintiffs-Appellees,      )

                                )  No. 98--MR--327

v. )

)

WILLOW SHORES CONDOMINIUM       )

ASSOCIATION,                    )  Honorable 

) Robert E. Byrne,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

The defendant, the Willow Shores Condominium Association, appeals from the circuit court's judgment in favor of the plaintiffs, Jerry Hofmeyer, Lois Hofmeyer, Jim Armstrong, Melody Armstrong, Mark Mersman, and Kathy Rogers, declaring that an amendment to the Willow Shores condominium declaration did not violate the Condominium Property Act (the Act) (765 ILCS 605/1 
et seq.
 (West 1998)) and was therefore binding on the defendant.  The defendant contends that the amendment violates the Act by (1) 
creating an impermissible class of limited common elements and (2)  creating classes of owners.  The defendant also contends that the trial court erred in awarding the plaintiffs their attorney fees in the absence of a statutory or contractual basis to do so.

The plaintiffs are all residents of the Willow Shores Condominiums in Aurora, a complex of 64 units.  Sixty units are in 15 buildings, each of which has common hallways, heating units, utilities, and other shared areas.  The plaintiffs own the remaining four units, which are in a townhouse-style structure that does not have common hallways, utilities, or heating.

The complex's original condominium declaration was recorded in September 1980.  In 1982, a second amendment to the declaration was recorded that expanded the development parcel to include plaintiffs' units.  The amendment also divided the development into two "neighborhoods," one consisting of the 15 original buildings and one consisting solely of the plaintiffs' building.  The amendment designated certain common elements within a neighborhood as limited common elements and created separate assessments against units within each neighborhood for the maintenance of the limited common elements in that neighborhood.

According to the complaint, the plaintiffs were not assessed for maintenance of the other neighborhood's limited common elements until November 1997.  At that time, the defendant's board of directors decided to assess all units equally, ignoring the distinction between neighborhoods made by the second amendment.  This raised the plaintiffs' assessments from approximately $77 per unit to approximately $225 per unit.

The plaintiffs filed suit, seeking a declaration that the second amendment was valid and therefore binding on the defendant and its board.  The defendant responded that the amendment violated the Act.  Both parties filed motions for summary judgment and the court granted the plaintiffs' motion.  The court also granted the plaintiffs $4,789.50 in attorney fees.  The defendant filed a timely notice of appeal.

The defendant first contends that the court erred in holding the second amendment valid.  The defendant argues that the amendment violates the Act by creating an impermissible class of limited common elements.

Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1105(c) (West 1998).  We review an order granting summary judgment 
de novo
.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992)
.

The resolution of this issue requires us to construe the Act.  In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute.  
Collins v. Board of Trustees of Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 110 (1993).  The statutory language is usually the best indication of the drafters' intent and should be given its plain, ordinary, and popularly understood meaning.  
Collins
, 155 Ill. 2d at 111. 

While conceding that the Act expressly permits the creation of limited common elements, the defendant maintains that those allowed by the second amendment are not within the Act's definition of limited common elements.  The Act provides:

"Limited Common Elements means a portion of the common elements so designated in the declaration as being reserved for the use of a certain unit or units to the exclusion of other units, including but not limited to balconies, terraces, patios and parking spaces or facilities."  765 ILCS 605/2(s) (West 1998).

The Act further provides that the condominium instruments may provide "for the assessment, in connection with expenditures for the limited common elements, of only those units to which the limited common elements are assigned."  765 ILCS 605/9(e) (West 1998).

Without citing any authority other than the language of the Act itself, the defendant argues that limited common elements must be limited to those elements "in which a particular owner has exclusive use and enjoyment."  The defendant argues that the items listed as examples in the statutory definition, such as balconies, patios, and terraces, are all items that pertain to only one unit.  The defendant argues that "it is an extraordinary expansion of that concept to include an entire building of which a unit is only one of four units."  However, the defendant does not explain why this is so.  The statutory definition refers to elements that serve a particular "unit or units."  765 ILCS 605/2(s) (West 1998).  Thus, the Act expressly allows the designation of limited common elements that serve more than one unit.  There is no inherent reason why patios, balconies, and parking spaces could not serve more than one unit.  In addition, the phrase "to the exclusion of other units" does not say "to the exclusion of 
all
 other units."  According to the plain language of the statute, it is sufficient if the limited common elements inure to the benefit of one or more units to the exclusion of one or more other units.

It seems apparent that the purpose of permitting the designation of limited common elements is to prevent precisely the situation that is occurring here: the owners of certain units are forced to pay a proportionate share of maintenance expenses for amenities from which they derive no benefit.  In this case, it is undisputed that the plaintiffs must pay, for example, expenses for heating and air conditioning their own homes while also paying a proportionate share of those expenses for the other units.  The Act does not require such a result.  Therefore, the trial court did not err in holding the amendment valid.

The defendant also contends that the second amendment violates the Act by creating impermissible classes of unit owners.  Section 18(b)(2) of the Act provides that "the association shall have one class of membership."  765 ILCS 605/18(b)(2) (West 1998).  The defendant contends that the second amendment has the affect of creating two classes of association members, those living in the traditional condominium buildings and those in the townhouse units.

The plaintiffs respond that the defendant's construction would effectively prohibit all designations of limited common elements.  They contend that it is illogical to construe one section of the Act as prohibiting something that another section of the Act expressly permits.  We agree.

Sections 2(s) and 9(e) of the Act expressly allow the designation of limited common elements.  Under the defendant's construction, any designation of a limited common element would create an impermissible class of membership consisting of the owner of the unit served by that element.  We will not construe the Act to contradict itself in this fashion.

In the out-of-state cases the defendant cites, the association boards charged higher rates to renters or nonresident owners for the 
same
 services enjoyed by other residents.  See 
Thanasoulis v. Winston Towers 200 Ass'n, Inc.
, 110 N.J. 650, 542 A.2d 900 (1988); 
Coventry Square Condominium Ass'n v. Halpern
, 181 N.J. Super. 93, 436 A.2d 580 (1981); 
Miesch v. Ocean Dunes Homeowners Ass'n
, 120 N.C. App. 559, 464 S.E.2d 64 (1995).  Here, the amendment seeks to prevent owners from being assessed at the same rate for a different level of services.

Finally, the defendant contends that the trial court erred in awarding the plaintiffs their attorney fees.  It contends that no statutory or contractual basis exists for the award of fees.  We agree.  The prevailing party in a lawsuit must bear its own attorney fees, absent a statutory or contractual provision allowing the successful party to recover attorney fees and expenses.  
Brundidge v. Glendale Federal Bank F.S.B.
, 168 Ill. 2d 235, 238 (1995).  Here, the plaintiffs simply cannot identify such a provision.

The plaintiffs attempt to rely on section XVIII (1) of the condominium declaration, which gives the board the right to recover its attorney fees in any action taken against a unit owner to enforce the declaration's provisions.  Although this section allows only the board to recover its fees, the plaintiffs appear to argue that because the board represents all of the unit owners, the board and the unit owners should be considered synonymous for purposes of this provision.  However, this argument contradicts the plain language of the declaration which does distinguish between the board and the unit owners.  The provision in question allows the board to recover fees from a recalcitrant unit owner.  If the declaration were construed to treat the board and the unit owners as interchangeable, this provision would be rendered meaningless.

The plaintiffs also claim that "fairness" and "mutuality of obligation" require that section XVIII (1) be read as creating reciprocal rights to recover attorney fees.  We disagree.

The parties to a contract need not have identical rights and obligations.  The mutuality requirement is satisfied if each party has given sufficient consideration for the other's promise.  
Dwyer v. Graham
, 110 Ill. App. 3d 316, 324 (1982).  The plaintiffs do not argue that the declaration is void for lack of consideration, and we may not disregard the document's plain language to create an illusory mirror-image obligation.  Because there is no statutory or contractual basis for an award of attorney fees, that portion of the judgment must be reversed.

The judgment of the circuit court of Du Page County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

McLAREN and RAPP, JJ., concur.