2021 IL App (1st) 200432-U

FOURTH DIVISION
April 29, 2021

No. 1-20-0432

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SAGEWOOD PARTNERS, LLC SERIES B, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH BAY PARTNERS LLC, | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| (1432-34 N. Wood Condominium Association, Unknown Owners and Nonrecord Claimants, | ) ) | No. 18 CH 5612 |
| | ) | |
| Defendants). | ) | |
| _____ | ) | |
| | ) | |
| SOUTH BAY PARTNERS LLC, | ) | |
| | ) | |
| Third-Party Plaintiff-Appellee, | ) | |
| | ) | Honorable |
| v. | ) | Anna H. Demacopoulos, |
| | ) | Judge Presiding. |
| SAGEWOOD PARTNERS, LLC SERIES B, | ) | |
| | ) | |
| Third-Party Defendant-Appellant, | ) | |
| | ) | |
| (Benjamin Ginsburg and Daniel Goldbaum, | ) | |
| | ) | |
| Third-Party Defendants). | ) | |
| | ) | |

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Reversing the judgments of the circuit court of Cook County granting summary judgment in favor of the defendant on the plaintiff's complaint and defendant's third-party complaint where the circuit court erred in finding that a parking space was a "deeded space" in contravention of the condominium declaration which stated it was a "limited common element."

¶ 2    The instant appeal involves a dispute over possession of a parking space located in the City of Chicago's Wicker Park neighborhood.  In late 2006, the developer deeded two units in a six-unit condominium building (units 2S and 3S) to one of its principals, Kryzysztok Karbowski, (Karbowski).  Both deeds included "Parcel 2" which is the "exclusive right to use Parking Space P-5, a limited common element" (there were only five parking spaces available for the 6-unit building).  In 2010, unit 3S was foreclosed and a judicial sale deed was issued to plaintiff, Sagewood Partners, LLC Series B (plaintiff).  The legal description in the deed provided for the exclusive right to use parking space P-5.  Eight years later, in 2018, unit 2S was foreclosed and a judicial sale deed was issued for this unit and ultimately assigned to defendant, South Bay Partners LLC (defendant).  Defendant's deed also included the exclusive right to use parking space P-5.  When defendant exerted control over parking space P-5 in April 2018, plaintiff filed a three-count action in the circuit court to quiet title, for wrongful eviction, and trespass. Defendant responded to the complaint and filed its own third-party complaint against plaintiff for ejectment, trespass, and unjust enrichment.

¶ 3    The parties then filed cross-motions for summary judgment on plaintiff's complaint.  The circuit court found that parking space P-5 was a deeded parking space and granted defendant's motion for summary judgment on count one (quiet title), and found the trespass claim moot, at

the same time the circuit court reserved judgment on the wrongful eviction claim. Some months later, the circuit court granted summary judgment in favor of defendant on all three counts of its third-party complaint. Plaintiff withdrew its wrongful eviction claim so it could proceed with his appeal over the legal status of parking space P-5.

¶ 4 On appeal, plaintiff maintains that the circuit court erroneously found as a matter of law that parking space P-5 is a deeded parking space and not a limited common element. Plaintiff further asserts that summary judgment should have been granted in its favor on both complaints where the condominium declaration had been properly amended to assign parking space P-5 solely to unit 3S and, in addition, it had, through adverse possession under the color of title, obtained possession of the parking space. As we find the circuit court improperly concluded that parking space P-5 was a "deeded parking space," and not a limited common element, we reverse the judgments of the circuit court and remand the matter for further proceedings consistent with this order.

¶ 5                                            BACKGROUND

¶ 6 In 2004, Time Properties, Inc. commenced the development of a six-unit condominium building located at 1432-34 North Wood Street in Chicago. On August 9, 2004, the declaration of condominium ownership and by-laws for 1432-34 N. Wood Condominiums (declaration) was recorded. The declaration defined "limited common elements" as "a portion of the common elements so designated in this Declaration or on the Plat as being reserved for the use of a certain unit or units to the exclusion of other units." Parking spaces were defined as "limited common elements." In addition, the declaration expressly observed that only five parking spaces existed and that these parking spaces "shall be assigned as set forth as a Parcel 2 in the deed of conveyance from Developer, as Seller, to Unit Owner, as Purchaser." The declaration further

provided that the use of limited common elements may be transferred between unit owners at their expense in accordance with the declaration and the Condominium Property Act (Act) (765 ILCS 605/1 *et seq.*) (West 2004)).

¶ 7    In November 2006, Time Properties, Inc. deeded unit 2S to Karbowski.  The quitclaim deed included as "Parcel 2" "[t]he exclusive right to use Parking Space P-5, a limited common element as delineated on the survey attached to the aforementioned Declaration of Condominium."  Karbowski obtained a mortgage on this property in December 2006 with World Savings Bank.

¶ 8    Unit 3S was thereafter deeded to Karbowski in December 2006.  The quitclaim deed also included as "Parcel 2" "[t]he exclusive right to use Parking Space P-5, a limited common element as delineated on the survey attached to the aforementioned Declaration of Condominium."  Karbowski obtained a mortgage on unit 3S in February 2007 with Ampro Mortgage.  This mortgage was subsequently assigned to Wells Fargo Mortgage, N.A.

¶ 9    In June 2010, Wells Fargo Mortgage, N.A. foreclosed on unit 3S and was ultimately issued a judicial deed after the sale of the property was confirmed by the circuit court.  The legal description of unit 3S included the exclusive right to use parking space P-5 as stated in the quitclaim deed.  Plaintiff acquired unit 3S in November 2010 from the mortgagor and commenced occupying the unit and parking space P-5.

¶ 10    A foreclosure action was also commenced on unit 2S and, after extensive litigation, the property was sold in March 2018 at a judicial sale.  However, before the order approving the sale was entered by the circuit court, the condominium association held a meeting on March 21, 2018, wherein all members of the association, including Karbowski (the owner of unit 2S as well as another unit, 2N), agreed to amend the declaration to assign parking space P-5, a limited

common element, solely to unit 3S. The amendment to the declaration was signed on March 23, 2018 and was subsequently recorded with the Cook County Recorder of Deeds on April 19, 2018.

¶ 11 Meanwhile, on March 28, 2018, the circuit court entered an order approving the judicial sale of unit 2S. The Judicial Sale Corporation executed the judicial sale deed conveying unit 2S to defendant on April 4, 2018, and it was recorded on June 6, 2018.

¶ 12 On April 28, 2018, defendant placed a skid of cardboard boxes on parking space P-5 thereby preventing the owner of unit 3S from utilizing the parking space. This skid was removed some weeks later and the condominium association thereafter stated unit 2S would be fined.

¶ 13 On May 1, 2018, plaintiff filed its complaint to quiet title, for wrongful eviction, and for trespass regarding parking space P-5 against defendant and other entities not party to this appeal. Defendant responded to the complaint denying any wrongdoing and asserting it was the rightful owner of parking space P-5.

¶ 14 The parties filed cross-motions for summary judgment. In its motion, plaintiff asserted it held title to parking space P-5 as (1) the parking space was a limited common element that had been assigned to plaintiff before defendant obtained title and (2) plaintiff had adversely possessed the parking space for more than seven years under the color of title. In support, plaintiff provided an affidavit of Thomas Brown (a manager of New Urban Property Services, LLC, which is the manager of plaintiff) who attested that plaintiff had "exclusive possession of the parking space and paid all the property taxes for the unit." Appended to Brown's affidavit were the minutes of the March 21, 2018, condominium association meeting wherein it was memorialized that a motion to amend the declaration was made to "explicitly assign parking spaces to specific condo units in the building." The minutes went on to reflect that, "[s]ince the

building was built in 2006, all units have had the benefit of parking except unit 2S, and the intent is to continue with this precedence[.]" The motion assigned parking space P-5, a limited common element, to unit 3S and no parking space was assigned to unit 2S. Each unit in the building was represented at the meeting and Karbowski was present in his capacity as president of the condominium association as well as the owner of two units in the building (2S and 2N). The minutes concluded that, "[a] vote was taken, and the Association voted unanimously to move forward with the amendment."

¶ 15    Defendant argued in its motion that it owned parking space P-5 as Time Properties, Inc. first assigned parking space P-5 to unit 2S and its deed was recorded before the deed to unit 3S was recorded (which also granted the exclusive right of use to parking space P-5).

¶ 16    After the matter was fully briefed and argued, the circuit court granted defendant's motion for summary judgment and entered judgment against plaintiff on its quiet title claim. The circuit court then found that plaintiff's trespass count was moot. The circuit court also ruled, as a matter of law, that parking space P-5 was "a deeded parking space." Regarding plaintiff's argument that it gained possession of the parking space through adverse possession with the color of title, the circuit court ruled that Brown's statements on this issue were conclusory. The circuit court reserved ruling on plaintiff's claim for wrongful eviction.

¶ 17    Two months later, defendant filed its third-party complaint against plaintiff and its two tenants who leased unit 3S. The complaint had three counts for ejectment, trespass, and unjust enrichment. Plaintiff responded to the third-party complaint and filed its affirmative defenses which mirrored the allegations set forth in its complaint. The circuit court thereafter granted defendant's oral motion for use and occupancy bond for plaintiff's use of the parking space, which the circuit court granted at $150 per month.

¶ 18 Defendant then filed a motion for summary judgment on its third-party complaint and plaintiff filed a response. The arguments were identical to those raised regarding the previous motion for summary judgment; plaintiff, however, appended a second affidavit from Brown who attested that since 2010 its vehicles and its tenants' vehicles have parked in parking space P-5 continuously and that no other vehicles had utilized the space. According to Brown, the only time plaintiff's use was interrupted was when defendant placed the skid of cardboard boxes in the parking space.

¶ 19 The circuit court granted defendant's motion for summary judgment on the third-party complaint. The circuit court determined that since all the use and occupancy was paid, all three of defendant's causes of action were resolved. Plaintiff withdrew count two of its complaint for wrongful eviction. Plaintiff now appeals both judgments entered on the motions for summary judgment.

¶ 20                                                    ANALYSIS

¶ 21 On appeal, plaintiff contends that the circuit court erred by granting summary judgment in defendant's favor on the complaint and the third-party complaint. Specifically, plaintiff maintains that the circuit court erred when it found, as a matter of law, that parking space P-5 was a deeded parking space and not a limited common element. Plaintiff further asserts that it has properly obtained possession of parking space P-5 either through the amendment of the declaration or by adverse possession under the color of title and therefore the entry of summary judgment in both complaints was improper.

¶ 22 Defendant has not filed an appellee's brief. On this court's own motion, we ordered the case be taken on plaintiff's appellate brief and record on appeal only. As our supreme court observed in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133

(1976), "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal." Where the appellant's brief demonstrates *prima facie* reversible error and the arguments in the brief are supported by the record, then the judgment of the circuit court may be reversed. *Id.* In this instance, plaintiff's brief demonstrates *prima facie* reversible error where the circuit court erred in its determination that parking space P-5 is a deeded parking space and not a limited common element. Thus, as explained herein, we reverse the adverse judgments against plaintiff and remand the matter for further proceedings consistent with this order.

¶ 23                                        Standard of Review

¶ 24    We first set forth our standard of review. This matter comes before us after the disposition of cross-motions for summary judgment. Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits, viewed in a light most favorable to the nonmovant, fail to establish that a genuine issue of material fact exists, thereby entitling the moving party to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290, ¶ 50. When, as here, parties file cross-motions for summary judgment, they agree that no genuine issues of material fact exist, and they invite the court to decide the case as a matter of law based on the record. *Casey's Marketing Co. v. Hamer*, 2016 IL App (1st) 143485, ¶ 11. We review a circuit court's decision to grant summary judgment *de novo*. *Boucher v. 111 East Chestnut Condominium Ass'n, Inc.*, 2018 IL App (1st) 162233, ¶ 12. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Goldberg v. Astor Plaza Condo. Ass'n*, 2012 IL App (1st) 110620, ¶ 35.

¶ 25                                  The Act and the Declaration

¶ 26    In this case, the circuit court was presented with the legal question as to whether the "legal status" of parking space P-5 was "either deeded or a limited common element." The circuit court concluded that it was "a deeded parking space." To answer this question, we first look to the Act and the declaration to determine the legal status of parking space P-5. See *LaSalle National Trust, NA v. Board of Directors of the State Parkway Condominium Ass'n*, 327 Ill. App. 3d 93, 96 (2001) (when a controversy regarding the rights of a condominium unit owner in a condominium arises, the court must examine any relevant provisions of the Act and the declaration and construe them as a whole).

¶ 27                                    *The Act*

¶ 28    The Act regulates the creation and operation of Illinois condominium associations. *Palm*, 2014 IL App (1st) 111290, ¶ 51. The Act provides that " '[l]imited [c]ommon [e]lements' means a portion of the common elements so designated in the declaration as being reserved for the use of a certain unit or units to the exclusion of other units, including but not limited to balconies, terraces, patios and parking spaces or facilities." 765 ILCS 605/2(s) (West 2018). "Common elements" are defined as "all portions of the property except the units, including limited common elements unless otherwise specified." 765 ILCS 605/2(e) (West 2018). The Act further provides that the declaration "shall set forth" "a description of both the common and limited common elements, if any, indicating the manner of their assignment to a unit or units." 765 ILCS 605/4(g) (West 2018).

¶ 29    The Act defines "unit" as "a part of the property designed and intended for any type of independent use." 765 ILCS 605/2(d) (West 2018). Regarding the ownership of a unit, the Act sets forth that once certain provisions of the Act have been complied with and the declaration recorded, "all units shall thereupon be capable of ownership in fee simple or any lesser estate,

and may thereafter be conveyed, leased, mortgaged or otherwise dealt with in the same manner as other real property, but subject, however, to the limitations imposed by this Act." 765 ILCS 605/6 (West 2018). This section further states that, "[e]ach unit owner shall be entitled to the percentage of ownership in the common elements appertaining to such a unit as computed and set forth in the declaration" and that the "ownership of such unit and of the owner's corresponding percentage of ownership in the common elements shall not be separated[.]" 765 ILCS 605/6 (West 2018).

¶ 30                                     *The Declaration*

¶ 31     A condominium comes into being when the developer records a declaration. *Board of Directors of 175 East Delaware Place Homeowners Ass'n v. Hinojosa*, 287 Ill. App. 3d 886, 889 (1997). "The [Condominium Property] Act defines the declaration as 'the instrument by which the property is submitted to the provisions of [the] Act.' [Citation.] Its primary function is to provide a constitution for the condominium—to guide the condominium development through the years. The declaration contains the property's legal description, defines the units and common elements, provides the percentage of ownership interests, establishes the rights and obligations of owners, and contains restrictions on the use of the property." *Id.* (citing 765 ILCS 605/2(a) (West 1994)).

¶ 32     The declaration may provide for the creation of certain limited common elements. *Mission Hills Condominium M-4 Ass'n v. Penachio*, 97 Ill. App. 3d 305, 308 (1981). Here, the declaration expands the definition of "limited common elements" from its definition in the Act as follows:

> " 'Limited Common Elements' means a portion of the common elements so designated in this Declaration or on the Plat as being reserved for the use of a certain unit or units to the

exclusion of other units. Any portion of the common elements which, by the terms of this Declaration or by its nature or location, is clearly intended to serve exclusively a certain unit or units (but less than all of the units) or the owner or owners thereof shall be deemed a limited common element."

The declaration separately defines "parking space" to mean "the limited common element within the Parking Area for the parking of a single vehicle."

¶ 33   Article II of the declaration describes the units of the condominium building and excludes the common elements from the definition of unit. Article III also addresses this point: "Except as otherwise in this Declaration provided, the common elements shall consist of all portions of the Property except the units." Regarding the limited common elements, Article II provides that "the limited common elements shall consist of all portions of the common elements" and that limited common elements are those that are set aside and allocated for "the restricted use of particular units" or are "clearly intended to serve exclusively a certain unit or units." By way of example, Article II states that "the limited common elements shall include the **porches, storage rooms** and **parking spaces** where shown as limited common elements on the Plat; **there are six (6) storage rooms, but only five (5) parking spaces.**" (Emphasis in original.) In addition, the declaration expressly states that "the **parking spaces** shall be assigned as set forth as a Parcel 2 in the deed of conveyance from Developer, as Seller, to Unit Owner, as purchaser." (Emphasis in original.)

¶ 34   Paragraph 5 of Article III also sets forth that limited common elements may be transferred between unit owners at their expense, provided that the transfer is made only in accordance with the condominium instruments and the provisions of the declaration.

¶ 35                    The Status of Parking Space P-5

¶ 36    We initially observe that it is unclear from the record what the circuit court meant when it found parking space P-5 to be "a deeded parking space" as we do not have the benefit of a record of proceedings on this issue.  We do know, from the context of the order, that the circuit court believed that the parking space could either be "deeded" or "a limited common element" but could not be both.  In this regard, we find the circuit court's determination to be erroneous.  There is nothing in the record, including the declaration or the deed, which indicates that parking space P-5 was classified as anything other than a limited common element.

¶ 37    First, the deed itself identifies parking space P-5 as such, setting forth as "Parcel 2" the "exclusive right to use Parking Space P-5, *a limited common element* as delineated on the survey attached to the aforementioned Declaration of Condominium."  (Emphasis added.)  Second, the declaration defines "parking space" to mean "the *limited common element* within the Parking Area for the parking of a single vehicle."  (Emphasis added.)  In turn, the phrase "limited common element" was defined in the declaration as "a portion of the common elements so designated in this Declaration or on the Plat as being reserved for the use of a certain unit or units to the exclusion of others."  Third, as a limited common element, the declaration and Act make clear that the parking space cannot be owned so as to be separately sold but may be "transferred" to another unit owner within the condominium association.  See 765 ILCS 605/26 (West 2018).  The plain language of the deed, declaration, and Act, make it evident that parking space P-5 is a limited common element.

¶ 38    In addition, the declaration expressly acknowledged that while the condominium association was made up of six units, only five parking spaces existed.  The declaration therefore set forth that "the parking spaces shall be *assigned* as set forth as a Parcel 2 in the deed of conveyance from Developer as Seller to Unit Owner, as purchaser."  (Emphasis added.)  The

parties agreed below that parking space P-5 was assigned to unit 2S in November 2006 while it was also assigned to unit 3S a month later. And although parking space P-5 was assigned first to unit 2S, it was also assigned to the same owner, Karbowski. Notably, the declaration and Act do not prohibit the assignment of limited common elements to more than one unit; indeed, they expressly state that limited common elements may be reserved for the use of "a certain unit or *units* to the exclusion of others." (Emphasis added.) 765 ILCS 605/2(s) (West 2018); see *Hofmeyer v. Willow Shores Condo. Ass'n*, 309 Ill. App. 3d 380, 383-84 (1999) (stating "the Act expressly allows the designation of limited common elements that serve more than one unit. There is no inherent reason why patios, balconies, and parking spaces could not serve more than one unit").[1]

¶ 39 Furthermore, the declaration and Act provide a mechanism by which unit owners can transfer limited common elements between one another. Notably absent from the declaration and Act is any recognition that a parking space, as a limited common element, may be conveyed separately by a unit owner to an entity outside of the condominium association as one would do if held in fee simple by deed. In fact, the Act expressly prohibits common elements from being so transferred. See 765 ILCS 605/6 (West 2018) (ownership of each unit and of the corresponding percentage of ownership in the common elements may not be separated or subdivided except as provided in the Act). Accordingly, reading the declaration and Act together as a whole and considering the record in this case, we find that parking space P-5 is a limited common element.

¶ 40 In sum, it is evident from the record that the circuit court erroneously construed the

---

[1] We observe that the record is devoid of a plat or designation of the percentage of ownership of the common elements as initially intended by the developer; however, this information is not necessary for the resolution of this case.

declaration to provide that parking space P-5 was a "deeded space" and not a limited common element. It was with this interpretation of the declaration in mind that the circuit court granted defendant's motions for summary judgment; accordingly, absent that misapprehension, it is possible that a different result may occur on remand. However, due to the limited nature of this appeal, we decline to opine on the validity of plaintiff's arguments regarding the propriety of the amendment of the declaration and its claim of adverse possession. See *First Capitol Mortgage Corp.*, 63 Ill. 2d at 133. In our view, these issues are better left to the circuit court where the parties can engage in argument and present the appropriate factual underpinning upon which the court may render a judgment.[2]

¶ 41                                    CONCLUSION

¶ 42    For the reasons stated above, we reverse the two adverse judgments against plaintiff and remand the matter for further proceedings consistent with this order.

¶ 43    Reversed and remanded.

---

[2] To this point we note that the record does not include the exhibits that should have been attached to the original declaration, those being the plat and the designation of the percentage of ownership of the common elements.